IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY J. HERGERT,
    Plaintiff

v.

JOE NOVAK and CHRIS MACHECIK,
    Defendants

:
:
:
:
:
:
:

CIVIL NO. 3:09-cv-1388

(JUDGE NEALON)
(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM and ORDER

On July 17, 2009, Plaintiff filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 against two police officers at the Wilkes-Barre Police Department. (Doc. 1). Plaintiff alleged that Defendants used excessive force during his arrest on September 9, 2007, in violation of the Fourth, Eighth, and Fourteenth Amendments. (Id.). On June 18, 2010, Defendants filed a motion for summary judgment. (Doc. 30). Magistrate Judge J. Andrew Smyser issued a Report and Recommendation ("R&R") on October 15, 2010, recommending that Defendants' motion be granted. (Doc. 36). No objections have been filed,[1] the matter is ripe for disposition, and for the reasons set forth below, the R&R will be adopted.

## Discussion

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues

---

[1] The R&R was returned to the Court as mail undeliverable on November 3, 2010, due to Plaintiff's release from imprisonment. (Doc. 38). The R&R was resent the same day to the updated address Plaintiff provided. (Id.). Notice that a party may file objections to the R&R within fourteen (14) days of service was also mailed. (Id.) (citing M.D. Pa. Local Rule 72.3).

1

raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

After review of the instant record, no error is discerned from the R&R. In the Report, Magistrate Judge Smyser, having considered the statement of facts, Plaintiff's deposition testimony, the criminal court docket regarding Plaintiff's charges, affidavits of both Defendants, and other evidentiary documents, see (Doc. 31), thoroughly outlined the undisputed facts. (Doc. 36, pp. 3-10). The Report then explained the summary judgment standard before turning to Plaintiff's claims. (Id. at pp. 11-15).

The R&R discussed Plaintiff's Eighth Amendment claim and concluded that because the alleged use of excessive force occurred during Plaintiff's arrest, it should be evaluated under the Fourth Amendment. (Doc. 36, p. 15), citing Graham v. Connor, 490 U.S. 386, 395 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment..."). Magistrate Judge Smyser determined that Plaintiff's Fourteenth Amendment claim of excessive force is also properly analyzed under the Fourth Amendment. (Doc. 36, p. 16), citing Graham, 490 U.S. 386; Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999) (holding

2

"that excessive force in the course of an arrest is properly analyzed under the Fourth Amendment, not under substantive due process"). Upon examination, it is determined that these conclusions were correct.

The Report then stated that because Plaintiff pled guilty to two counts of Aggravated Assault for this incident, his claim of excessive force might[2] impugn the validity of his guilty plea and be barred by Heck. (Doc. 36, p. 17), citing Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that if the district court determines that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). Regardless, Magistrate Judge Smyser concluded that the undisputed facts establish that Defendants did not use excessive force in arresting Plaintiff. (Doc. 36, pp. 17-18).

The R&R explained that a "claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable." (Id. at p. 18) (quoting Rivas v. City of Passaic, 365 F.3d 181 (3d Cir. 2004); Curley v. Klem, 298 F.3d 271, 279 (3d Cir. 2002)). The "claim must be evaluated 'from the perspective of a reasonable officer on the scene ... [and allow] for the fact that police officers are often forced to make split-second judgments.'" (Doc. 36, p. 19) (quoting Rivas, 365 F.3d at 198). Applying this standard to the undisputed facts, the Magistrate Judge found that Defendants had cause to make an investigative stop, which led to probable cause to arrest Plaintiff, and that the amount of force used in making

---

[2] See Garrison v. Porch, 376 Fed. Appx. 274, 278-79 (3d Cir. 2010) (concluding that an assault conviction does not automatically bar an excessive force claim under Heck if the plaintiff first acted aggressively, constituting assault against the officer, but then the officer used an unreasonable amount of force in arresting him).

3

the arrest was reasonable. (Doc. 36, p. 19).

In the absence of objections, this Court has reviewed the R&R and cannot say that it contains plain error. "Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396 (citing Terry v. Ohio, 392 U.S. 1, 22-27 (1968)). Accordingly, the Magistrate Judge's finding that the "amount of force [Defendants] used in making the arrest was reasonable" will be adopted. See (Doc. 36, p. 19).

Next, the Report stated, "[i]t is not necessary to reach the defendants' qualified immunity argument since they are entitled to summary judgment under the undisputed facts." (Doc. 36, p. 20). Additionally, Magistrate Judge Smyser determined that "plaintiff does not state a claim of malicious prosecution upon which relief can be granted [because he] pleaded guilty to the charges against him." Id. Having found no clear error or manifest injustice in these conclusions, they will be adopted. See Gilliam v. Holt, 2008 U.S. Dist. LEXIS 30747, *24-25 (M.D. Pa. 2008) (Caputo, J.) (concluding, "if there is no violation of a constitutional right, then there is no necessity for further inquiries concerning qualified immunity"), citing Saucier v. Katz, 533 U.S. 194, 201 (2001); see also Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (holding that to prove malicious prosecution under the Fourth Amendment, a plaintiff must show, inter alia, that the criminal proceeding filed against him ended in his favor).

Accordingly, the R&R (Doc. 36) will be adopted and Defendants' summary judgment motion (Doc. 30) will be granted.

United States District Judge

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY HERGERT,<br>Plaintiff<br><br>v.<br><br>JOE NOVAK and CHRIS MACHECIK,<br>Defendants | CIVIL NO. 3:09-cv-1388<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE SMYSER) |

## ORDER

AND NOW, THIS 13 DAY OF DECEMBER, 2010, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (Doc. 36) is **ADOPTED**;

2. Defendants' motion for summary judgment (Doc. 30) is **GRANTED**;

3. The Clerk of Court is directed to **CLOSE** this case; and

4. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

**United States District Judge**